**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**Green Bay Division**

JOHN K. WADZINSKI,

                                           Case No.

             Plaintiff,

    v.

ASCENSION SMARTHEATH MEDICAL PLAN,
ASCENSION HEALTH ALLIANCE, INC., and
NETWORK HEALTH
             Defendants.

## AMENDED COMPLAINT

Plaintiff John K. Wadzinski makes this amended complaint for relief against Defendants Ascension SmartHealth Medical Plan and the plan administrator, Ascension Health Alliance, Inc, and the claim administrator, Network Health.

### JURISDICTION AND VENUE

1. Plaintiff John K. Wadzinski ("Plaintiff") is a citizen of the State of Wisconsin residing in Seymour, Outagamie County, Wisconsin.

2. Defendant Ascension SmartHealth Medical Plan (the "Plan") is a welfare benefit plan that, at all times relevant to this complaint, was sponsored, maintained and administered by Ascension Health Alliance, Inc. d/b/a Ascension ("Ascension") for the benefit of its employees and certain of their dependents.

3. Ascension, as employer and Plan Administrator, is incorporated in the State of Missouri but at all times relevant to this complaint, had health care provider locations and employees in Wisconsin in this judicial district.

4. Network Health, Inc. is a Wisconsin corporation with its principal place of business in Menasha, Winnebago County, Wisconsin.

5. The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and 29 U.S.C. §1331 provide for federal jurisdiction over the claims for relief in this complaint.

6. Venue is proper in this judicial district because Plaintiff resides in and received benefits from the Plan in this district, the breach described herein occurred in this district, and ERISA provides for relief in the judicial district in which the participant resides.

## FACTUAL ALLEGATIONS

7. At all times relevant to this Complaint, Ascension sponsored and maintained the Plan for its employees and their dependents.

8. At all times relevant to this complaint, the Ascension was the Plan Sponsor and the Plan was self-funded.

9. At all times relevant to this Complaint, Ascension appointed Network Health as Claims Administrator for the Plan.

10. At all times relevant to this Complaint, Ascension, as Plan Sponsor, was responsible for the administration of the terms of the Plan "in all its details."

11. At all times relevant to this Complaint, Network Health was responsible for making initial claim determinations and processing health and medical claims for participants.

12. Ascension, as Plan Administrator, and Network Health, as Claim Administrator, are fiduciaries under the Plan and owe fiduciary duties to Plan participants.

13. At all times relevant to this Complaint, Plaintiff was a Plan participant with rights under the Plan.

14. Through all of 2016 and into 2017, Ascension contracted with Network Health to serve as Claim Administrator for medical benefits under the Plan.

15. Ascension's Wisconsin subsidiary, Ascension Wisconsin, is co-owner of Network Health.

16. The Claim Administrator and Plan Administrator are required to process claims made by Plan participants and by participants' medical providers.

17. Ascension delegated to Network Health the duty and authority to process claims on the Plan's behalf as claims administrator but maintained overall responsibility to ensure that the Plan was administered according to its terms.

18. While a participant in the Plan, Plaintiff suffered traumatic injuries and sought treatment from University of Wisconsin Hospitals and Clinics Authority ("UWHC").

19. UWHC treated Plaintiff in both inpatient and outpatient hospital stays and through inpatient and outpatient professional physicians' services.

20. Plaintiff or his medical providers on his behalf submitted claims for benefits to the Plan related to hospital services UWHC provided to Plaintiff, including the following visits:

| Admit Date | Classification |
|------------|----------------|
| 8/11/16 | Outpatient |
| 8/25/16 | Outpatient |
| 9/6/16 | Outpatient |
| 9/16/16 | Inpatient |
| 10/27/16 | Outpatient |
| 11/3/16 | Inpatient |
| 11/17/16 | Outpatient |
| 1/19/17 | Outpatient |
| 3/23/17 | Outpatient |

21. Network Health processed, and the Plan paid, all of the above inpatient and outpatient stays at 92% of billed charges except for claims for the hospital stay starting September 16, 2016 and ending September 27, 2016 (the "September 16-27 2016 Hospital Claim").

22. On September 30, 2016, UWHC sent the September 16-27 2016 Hospital Claim to Network Health for processing on the standard UB-04 claim form, consistent with the way it billed all hospital charges incurred by Plaintiff.

23. UWHC has sent all relevant medical and hospital records to the Plan Administrator but Ascension and the Plan have failed and refused to process the September 16-27 2016 Hospital Claim.

24. The Plan provides, in relevant part:

*6.8* ***Notice of Initial Claim Denial****. If the initial claim is denied, in whole or in part, the Claims Administrator will provide to the Participant (or authorized representative), in writing or electronically (e.g., by e-mail), a Notice of Initial Claim Denial. An adverse benefit determination, including any denial, reduction or termination, in whole or in part, of the benefit for which the claim was filed, is a claim denial. This includes any determination that the item or service was experimental or investigational, or was not medically necessary or appropriate. This also includes a determination that the Plan will not pay the total amount of expenses Incurred, and the Participant must pay a Cost-Share to satisfy the balance. This also includes any cancellation or discontinuance of coverage that has retroactive effect (other than a retroactive cancellation or discontinuance of coverage attributable to a failure to timely pay required premiums or contributions), whether or not there is an adverse effect on any particular benefit at the time of the rescission*

*(a) For Pre-Service, Concurrent Care, and Time-Sensitive Claims, the Participant or authorized representative will be notified whether the claim is granted or denied, in whole or in part. For Post-Service Claims, the Participant may only be notified if the claim is denied. In all cases where the claim has been denied, in whole or in part, the Participant (or authorized representative) will receive a written Notice of Initial Claim Denial, except for Time- Sensitive Claims, in which case, the participant (or authorized representative) may be notified first orally, and then a written or electronic notice will be sent within three days.*

*(b) The Notice of Initial Claim Denial will include: (i) the specific reasons(s) for the denial of the initial claim; (ii) the pertinent Plan provisions on which the denial*

*is based; (iii) an explanation of this Plan's internal and external review procedures, including applicable time limits and an explanation of expedited review procedures applicable to Pre-Service or Time- Sensitive Claims; (iv) a description of any additional materials necessary to complete the claim and an explanation of why such material is necessary; (v) a statement of rights to bring a civil action in court if the claim has been denied after a review of the initial denial; (vi) reference to any rule, guideline, protocol, or similar document or criteria relied on in making the initial determination, and that a copy of such rule, guideline or protocol may be obtained upon written request at no charge; (vii) the denial code and its corresponding meaning, the treatment code and its corresponding meaning, and the Plan's standard, if any, that was used in denying the claim; and (viii) if the adverse benefit determination is based on a matter of medical judgment, for example, it was determined that the treatment was experimental or was not medically necessary, the notice will also contain either an explanation of the scientific or clinical judgment on which the determination was based, or a statement that a copy of that explanation can be obtained upon written request at no charge.*

25. To date, neither Network Health nor the Plan has ever processed the September 16-27 2016 Hospital Claim.

26. Neither Network Health nor the Plan has ever issued a Notice of Initial Claim Denial or an Explanation of Benefits to Plaintiff explaining what, why, or how the September 16-27 2016 Hospital Claim is being handled.

27. Neither Network Health nor the Plan has ever made a claim determination for the September 16-27 2016 Hospital Claim that Plaintiff could appeal.

28. As a result of the Plan's inaction and refusal to process the September 16-27 2016 Hospital Claim, Plaintiff remains responsible for some or all the unprocessed and therefore unpaid charges.

29. Plaintiff is unable to determine what amount he may owe for the September 16-27 2016 Hospital Claim until the Plan processes that claim.

30. Network Health and the Plan's refusal to process the September 16-27 2016 Hospital Claim or issue an EOB to Plaintiff violates his rights under the Plan.

31. Plaintiff is harmed by Ascension and the Plan's inaction because his provider, UWHC, has not been paid and his rights and responsibilities remain undetermined.

## ERISA CLAIM FOR RELIEF

32. ERISA allows a participant in an employee benefit plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

33. ERISA also allows a participant to sue to require a fiduciary to perform duties required of fiduciaries under the Plan.

34. The Plan requires the Plan Administrator or its designee, the Claim Administrator, to process claims by participants.

35. UWHC submitted a claim that the Plan and Ascension and Network Health have not processed.

36. The Defendants' failure to process the claim violates the terms of the Plan.

37. The Defendants' refusal to process the claims is a violation of their fiduciary duties owed to Plaintiff.

38. Plaintiff seeks to enforce his rights under the Plan to have the September 16-27 2016 Hospital Claim processed, to have an explanation of benefits provided to him, and to have the ability to further appeal if the ultimate claim decision -- which has yet to be made -- is adverse to him.

WHEREFORE, Plaintiff John K. Wadzinski requests the following relief:

   A. For relief against the Ascension SmartHealth Medical Plan and Ascension as Plan administrator and Network Health as Claim Administrator under ERISA § 502(a)(1)(B) to enforce his rights under the terms of the Plan or to clarify his rights to future benefits

6

under the terms of the Plan for benefits due; specifically, an order to process the September 16-27 2016 Hospital Claim and, if not paid in full, to issue the Initial Notice of Claim Denial so Plaintiff may file an internal appeal if necessary; or, in the alternative, if such relief is not available for any reason,

B.  For relief against The Ascension SmartHealth Medical Plan and Ascension as Plan Administrator and Network Health as Claim Administrator under ERISA § 502(a)(3) to obtain other appropriate equitable relief to redress violations of the terms of the Plan or to enforce any provisions of ERISA and its regulations or the terms of the plan; specifically, an order to the fiduciaries to process the September 16-27 2016 Hospital Claim and, if not paid in full, to issue the Initial Notice of Claim Denial so Plaintiff may file an internal appeal if necessary.

C.  For attorney fees and costs under ERISA § 502(g).

**JOHN K. WADZINSKI**

Dated September 29, 2022                By his attorneys,

**SALBERG TUFFNELL LAW S.C.**

/electronically signed by/
John B. Tuffnell
Wis. Bar No. 1047261
18 E Washington Street Suite 100
West Bend, WI  53095
john@tuff-law.com
(414) 550-2296